UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLAYTON OWEN,

        Plaintiff,

  v.

DIAMOND B CONSTRUCTORS, INC., et al.,

        Defendants.

C17-1566 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) This matter comes before the Court on (1) Defendant ASAP Drug Solutions, Inc.'s ("ASAP") Motion to Dismiss, docket no. 7 (the "ASAP Motion"), and (2) Defendant Diamond B Constructors, Inc.'s ("Diamond B") Motion to Dismiss Plaintiff's Complaint, docket no. 10 (the "Diamond B Motion"), in which Defendant BG America Inc. ("BP") joins, *see* docket no. 15. Plaintiff's Complaint for Damages and Injunctive Relief, docket no. 1-2 (the "Complaint"), asserts four causes of action against Diamond and BP: (1) violation of 29 U.S.C. § 185(a), alleging that "BP and Diamond B breached Article 24 of the Northwest Washington Building & Construction Trades Council Site Agreement[;]"[1] (2) wrongful termination in violation of public policy; (3)

---

[1] The Court will hereinafter refer to this agreement as the "CBA." Plaintiff expressly refers to the CBA at ¶ 5.2 of the Complaint and the Court can consider the CBA in connection with the pending motions to dismiss. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). No party disputes the authenticity of the copy of the CBA attached as Exhibit A to the Declaration of Peter Chapman, docket no. 11, and the Court will use that copy for purposes of resolving these motions.

MINUTE ORDER - 1

negligence; and (4) defamation.[2]  Plaintiff also asserts his negligence and retaliation claims against ASAP.  The Complaint specifically alleges that "[t]he Defendant(s) named above, in their individual capacity, acted in an unlawful manner, both intentionally and/or negligently, which deprived the Plaintiff of clearly established, statutorily-protected rights under [the CBA], which did proximately cause illegal termination, negligence, and defamation."  Complaint at ¶ 1.6.

(2)  The Diamond B Motion, docket no. 10, is GRANTED.  Article 13 of the CBA requires Plaintiff to follow a set of "grievance-arbitration" procedures for "[a]ny question or dispute arising out of" the CBA.  *See* CBA at ¶¶ 13.2, 13.3.  Plaintiff does not argue that he ever attempted to follow these grievance procedures and, instead, alleges that Plaintiff never filed any such grievance.  *See* Complaint at ¶ 4.6.  "[E]mployees wishing to assert contract grievances must *attempt* use of the contract grievance procedure agreed upon by employer and union as the mode of redress."  *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652 (1965); *see also Rice v. Providence Reg'l Med. Ctr. Everett*, No. C09–482 RSM, 2009 WL 2342449, at *5 (W.D. Wash. July 29, 2009) (Martinez, J.) (granting motion to dismiss where plaintiff failed to exhaust grievance procedures in a collective bargaining agreement).  Plaintiff's right to invoke the CBA's grievance procedures are now time-barred (*see* CBA, Article 13.3(b)), and his CBA claim is DISMISSED with prejudice.

(3)  Plaintiff's remaining tort claims are preempted by federal labor law.  State law claims may be preempted if they depend on an interpretation of the CBA.  *Truex v. Garrett Freightlines, Inc.*, 784 F.2d 1347, 1350 (9th Cir. 1985).  The Complaint explicitly acknowledges that the Defendants' alleged misconduct deprived Plaintiff of his rights under the CBA and proximately caused the purported illegal termination, negligence, and defamation.  Complaint at ¶ 1.6.  Beyond this allegation, the core of Plaintiff's state law claims is his assertion that the Defendants breached Article 24 of the CBA by failing to apply the ASAP Contractor Drug and Alcohol Consortium Substance Abuse Policy.  Plaintiff expressly premises his Second Cause of Action for Wrongful Termination in Violation of Public Policy on the allegations that BP and Diamond B "breached the applicable sections of the CBA and applicable craft and trade policies."  Complaint at ¶ 6.2.  This claim necessarily depends on an interpretation of the CBA and its policies to determine whether a breach occurred.  While Plaintiff's Third Cause of Action for negligence does not expressly reference the CBA, it does not identify what duty the Defendants allegedly owe.  *See id.* at ¶¶ 7.1, 7.2.  When read together with the remaining allegations in the Complaint, which Plaintiff incorporates by reference in his negligence claim, the only plausible "duty" is the one purportedly created by the CBA.  Thus, Plaintiff's negligence claim also depends on the CBA.  *See also Guardado v. Cascadian*

---

[2] The Court will refer to the First Cause of Action, Complaint at ¶¶ 5.1–5.2, as the "CBA claim," and the Second through Fourth Causes of Action, *id.* at ¶¶ 6.1–8.2 collectively as the "tort claims."

*Bldg. Mgmt.*, No. C16-0303JLR, 2016 WL 3105041, at *3 (W.D. Wash. June 1, 2016) (Robart, J.) (plaintiff cannot avoid "preemption by artfully pleading their CBA claim" to evade dismissal). Likewise, Plaintiff's Fourth Cause of Action for Defamation alleges that certain false statements "are based on an illegal drug screening of Plaintiff, and illegal termination of Plaintiff . . . ." Complaint at ¶ 8.2. When read in context of the Complaint's remaining allegations, the only "illegality" alleged by Plaintiff is the purported breach of Article 24 of the CBA. *See Truex*, 784 F.2d at 1350 (characterizing alleged conduct as "improper" implied existence of standards in the CBA). The defamation claim therefore also substantially depends on the CBA. For these reasons, Plaintiff's tort claims are preempted by federal labor law and are DISMISSED with prejudice.

(4) For the reasons set forth in Paragraph 3 of this Minute Order, the ASAP Motion, docket no. 7, is also GRANTED. Plaintiff's negligence and defamation claims against ASAP are DISMISSED with prejudice. Because the Court concludes that these claims are preempted by federal law, it does not address whether the Court has personal jurisdiction over ASAP or whether ASAP has been properly served. ASAP's motion to strike, docket no. 25 at 3, is STRICKEN as moot.

(5) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 19th day of January, 2018.

William M. McCool  
Clerk

s/Karen Dews  
Deputy Clerk

MINUTE ORDER - 3